**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **CHART TRADING DEVELOPMENT, LLC,**<br><br>**Plaintiff,**<br>**v.**<br><br>**NINJATRADER GROUP, LLC, NINJATRADER, LLC, FXCM GLOBAL SERVICES, LLC, APEX INVESTING INSTITUTE LLC, CROSSLAND LLC, INTERACTIVE BROKERS, LLC, ROSENTHAL COLLINS GROUP, LLC, ROBBINS FUTURES INC., PROGRESSIVE TRADING GROUP LTD., MB TRADING FUTURES, INC., and WEDBUSH FUTURES,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 6:15-cv-1134** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Chart Trading Development, LLC ("CTD") files this complaint against defendants NinjaTrader Group, LLC and NinjaTrader, LLC (collectively, "NinjaTrader"), FXCM Global Services, LLC, Apex Investing Institute LLC, Crossland LLC, Interactive Brokers, LLC, Rosenthal Collins Group, LLC, Robbins Futures Inc. (d/b/a Robbins Trading Company), Progressive Trading Group Ltd., MB Trading Futures, Inc., and Wedbush Futures (d/b/a wedbushfutures.com) (collectively, "Defendants") alleging, based on its own knowledge as to itself and based on information and belief as to all other matters, as follows:

## PARTIES

1. CTD is a Texas limited liability company with a principal place of business at 100 E. Ferguson, Suite 609, Tyler, Texas 75702.

2. On information and belief, NinjaTrader Group, LLC is a Delaware limited liability company with a principal place of business at 1422 Delgany Street, Suite 400, Denver, CO 80202.

3. On information and belief, NinjaTrader, LLC is a limited liability company, operated by NinjaTrader Group, LLC, with a principal place of business at 1236 N. Clarkson Street, Denver, CO 80218.

4. On information and belief, FXCM Global Services, LLC is a Delaware limited liability company with a principal place of business at 55 Water Street, 50th Floor, New York, NY 10041, and an office at 2701 Dallas Parkway, Suite 600, Plano, TX 75093. On information and belief, FXCM Global Services, LLC can be served in Texas via its registered agent for service of process: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. On information and belief, Apex Investing Institute LLC is a Texas limited liability company with a principal place of business at 2444 Charisma Drive, Fort Worth, TX 76131-1261 and an office at 815 Brazos Street, Suite 500, Austin, TX 78701. On information and belief, Apex Investing Institute LLC can be served in Texas via its registered agent for service of process: InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, TX 78701.

6. On information and belief, Crossland LLC is a limited liability company, which is a division of Wedbush Securities Inc., which is a California corporation with an office at 5949 Sherry Lane, Suite 1475, Dallas, Texas 75225.

7. On information and belief, Interactive Brokers, LLC is a Connecticut limited liability company with a principal place of business at One Pickwick Plaza, Greenwich, CT 06830.

8. On information and belief, Rosenthal Collins Group, LLC is an Illinois limited liability company with a principal place of business at 216 W. Jackson Blvd., Suite 400, Chicago, IL 60606, and an office at 2402 52nd St. #1d, Lubbock, TX 79412.

9. On information and belief, Robbins Futures Inc. (d/b/a Robbins Trading Company) is an Illinois corporation with a principal place of business at 8700 W. Bryn Mawr Ste 760-S, Chicago, IL 60631-3507.

10. On information and belief, Progressive Trading Group Ltd. is a business enterprise controlled by Devin Brady, with a principal place of business at 15233 Ventura Blvd Suite 605, Sherman Oaks, CA 91403.

11. On information and belief, MB Trading Futures, Inc. is California corporation with a principal place of business at 1926 East Maple Avenue, El Segundo, CA 90245.

12. On information and belief, Wedbush Futures (d/b/a wedbushfutures.com) is a division of Wedbush Securities Inc., which is a California corporation with an office at 5949 Sherry Lane, Suite 1475, Dallas, Texas 75225.

**JURISDICTION AND VENUE**

13. This is an action for patent infringement arising under 35 U.S.C. §§ 271, 281, and 284-85, among others. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

14. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Defendants have transacted business in this district and have committed, by themselves or in concert with others, acts of patent infringement in this district.

15. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or

(ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas in this district.

16. On information and belief, NinjaTrader has operated and continues to operate a website (www.ninjatrader.com) that is accessible to residents of the state of Texas, including in this district, through which NinjaTrader advertises and makes available for sale certain services and electronic trading platforms, including NinjaTrader 6 and NinjaTrader 7 and related previous versions, that are herein accused of infringement. (*See* http://ninjatrader.com/Analyze; http://ninjatrader.com/support/helpGuides/nt7/?charts.htm).

17. On information and belief, NinjaTrader has maintained online support forums (http://ninjatrader.com/support/forum/index.php) that are accessible to residents of the state of Texas, including in this district, through which NinjaTrader has provided customer service on its electronic trading platforms, including NinjaTrader 6 and NinjaTrader 7, to end users in the state of Texas. (*See* http://ninjatrader.com/support/forum/showthread.php?t=75232 (user:Jstew80; Location: Texas)).

18. On information and belief, NinjaTrader has partnered or otherwise formed business relationships with Texas entities who, on behalf of NinjaTrader, have offered for sale, sold, used, and induced others to use, certain electronic trading platforms, including NinjaTrader 6 or NinjaTrader 7, that are herein accused of infringement. These Texas entities include FXCM Global Services, LLC, Apex Investing Institute LLC, Crossland LLC, Rosenthal Collins Group, LLC, and Wedbush Futures (d/b/a wedbushfutures.com).

19. On information and belief, FXCM Global Services, LLC, which maintains an office in Plano, Texas, has operated and continues to operate a website (www.fxcm.com) that is

accessible to residents of the state of Texas, including in this district, through which FXCM Global Services, LLC advertises and makes available for sale certain services and electronic trading platforms, including NinjaTrader 6 or NinjaTrader 7, that are herein accused of infringement. (*See, e.g.*, http://www.fxcm.com/platforms/ninjatrader/).

20.     On information and belief, Apex Investing Institute LLC, which has a principal place of business in Fort Worth, Texas and an office in Austin, Texas, has operated and continues to operate a website (apexinvesting.com) that is accessible to residents of the state of Texas, including in this district, through which Apex Investing Institute LLC advertises and makes available for sale certain services and electronic trading platforms, including NinjaTrader 6 or NinjaTrader 7, that are herein accused of infringement. (*See, e.g.*, http://apexinvesting.com/ninjatrader/).

21.     On information and belief, Crossland LLC, a division of Wedbush Securities Inc., which maintains an office in Dallas, Texas, has operated and continues to operate a website (www.crosslandllc.com) that is accessible to residents of the state of Texas, including in this district, through which Crossland LLC advertises and makes available for sale certain services and electronic trading platforms, including NinjaTrader 6 or NinjaTrader 7, that are herein accused of infringement. (*See, e.g.*, http://www.crosslandllc.com/index.php?q=node/22).

22.     On information and belief, Interactive Brokers, LLC has operated and continues to operate a website (www.interactivebrokers.com) that is accessible to residents of the state of Texas, including in this district, through which Interactive Brokers, LLC advertises and makes available for sale certain services and electronic trading platforms, including NinjaTrader 6 or NinjaTrader 7, that are herein accused of infringement. (*See, e.g.*,

http://ibkb.interactivebrokers.com/node/1978; http://ninjatrader.com/Analyze (listing Interactive Brokers as a NinjaTrader broker); http://ninjatrader.com/Trade (same)).

23. On information and belief, Rosenthal Collins Group, LLC, which maintains an office in Lubbock, Texas, has operated and continues to operate a website (www.rosenthalcollinsgroup.com) that is accessible to residents of the state of Texas, including in this district, through which Rosenthal Collins Group, LLC advertises and makes available for sale certain services and electronic trading platforms, including NinjaTrader 6 or NinjaTrader 7, that are herein accused of infringement. (*See, e.g.*, http://www.rosenthalcollinsgroup.com/futures-trading-platforms/ninjatrader/).

24. On information and belief, Robbins Futures Inc. (d/b/a Robbins Trading Company) has operated and continues to operate a website (www.robbinstrading.com) that is accessible to residents of the state of Texas, including in this district, through which Robbins Futures Inc. advertises and makes available for sale certain services and electronic trading platforms, including NinjaTrader 6 or NinjaTrader 7, that are herein accused of infringement. (*See, e.g.*, http://www.robbinstrading.com/online_and_discount_trading/ (identifying NinjaTrader)).

25. On information and belief, Progressive Trading Group Ltd. has operated and continues to operate a website (http://progressivetradinggroup.com/) that is accessible to residents of the state of Texas, including in this district, through which Progressive Trading Group Ltd. advertises and makes available for sale certain services and electronic trading platforms, including NinjaTrader 6 or NinjaTrader 7, that are herein accused of infringement. (*See, e.g.*, http://progressivetradinggroup.com/brokerage-services/futures/ninja-trader/).

26. On information and belief, Wedbush Futures, a division of Wedbush Securities Inc., which maintains an office in Dallas, Texas, has operated and continues to operate a website

(wedbushfutures.com) that is accessible to residents of the state of Texas, including in this district, through which Wedbush Futures advertises and makes available for sale certain services and electronic trading platforms, including NinjaTrader 6 or NinjaTrader 7, that are herein accused of infringement. (*See*, *e.g.*, http://www.wedbushfutures.com/ninja_trader.aspx).

**COUNT I**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,380,611**

27. On February 19, 2013, U.S. Patent No. 8,380,611 ("the '611 patent") was duly and legally issued by the U.S. Patent and Trademark Office for an invention titled "Graphical Order Entry User Interface for Trading System." Ex. 1.

28. CTD is the owner of the '611 patent with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '611 patent against infringers, and to collect damages for all relevant times.

29. Defendants, directly or through their agents, customers, and/or intermediaries, have made used, tested, imported, provided, supplied, distributed, sold and/or offered for sale products and/or systems (including for example, NinjaTrader 6 or NinjaTrader 7) that infringe one or more claims of the '611 patent. Specifically, Defendants' accused products and/or systems have certain features, such as "Chart Trader," that allow a user to execute trades directly from a graph containing a curve corresponding to a range of values of a financial instrument.

30. NinjaTrader has touted NinjaTrader 6 and NinjaTrader 7 as "an award winning end to end online trading application for discretionary and automated trading of Stocks, Futures and Forex." (https://www.youtube.com/watch?v=eG-_ysrPNw8).

31. NinjaTrader has touted that its Chart Trader feature provides "Chart-Based Order Entry," such that "[t]raders can now place, modify, cancel orders and visualize positions directly within a chart." (http://ninjatrader.com/Downloads/NinjaTrader6Released.pdf).

32. NinjaTrader touts that Chart Trader "delivers feature rich advanced charting including the ability to trade from your chart." (http://ninjatrader.com/Analyze). According to NinjaTrader, "[w]hether you trade through a DOM or submit orders through Chart Trader, NinjaTrader has multiple interfaces designed for fast, informed decision making." (http://ninjatrader.com/Trade).

33. Defendants have directly infringed and are continuing to directly infringe at least claims 1 and 12 of the '611 patent.

## COUNT II

## INDIRECT INFRINGEMENT OF U.S. PATENT NO. 8,380,611

34. Defendants have indirectly infringed the '611 patent, both via contributory and induced infringement. The direct infringement underlying Defendants' indirect infringement of the '611 patent consists of their end-user customers' use of NinjaTrader 6 or NinjaTrader 7.

35. Defendants have induced and are continuing to induce their end-user customers to use the accused systems, and specifically to use them in a manner that infringes the '611 patent. Defendants have done so by (1) providing instructions to their customers explaining how to use the Chart Trader feature and how to execute trades directly from a chart; and (2) touting and advertising this feature to their customers.

36. Defendants have contributed to and are continuing to contribute to the infringement of the '611 patent by end-user customers by making and selling NinjaTrader 6 or NinjaTrader 7, with the Chart Trader feature, which is especially made for use by end-user customers in a manner that infringes the '611 patent and has no substantial non-infringing uses. In particular, the feature that permits end-user customers to place trades directly from a chart has no practical use other than uses that infringe the '611 patent, and this feature constitutes a material part of the claimed invention of at least claims 1 and 12 of the '611 patent and is not a staple article of commerce suitable for substantially non-infringing uses. The use of this feature by end-user


customers of NinjaTrader 6 or NinjaTrader 7 for its intended purpose necessarily results in infringement of the ’611 patent.

37. Defendants have had knowledge of the ’611 patent and the fact that their customers’ use of the Chart Trader feature infringes the ’611 patent since at least as early as the filing of this lawsuit.

38. Defendants therefore have induced and contributed to acts of direct infringement, and are continuing to do so, with the specific intent and knowledge that others would infringe the ’611 patent.

**COUNT III**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,113,190**

39. On September 26, 2006, U.S. Patent No. 7,113,190 (“the ’190 patent”) was duly and legally issued by the U.S. Patent and Trademark Office for an invention titled “Systems and Methods for Providing an Interactive Graphical Representation of a Market for an Electronic Trading System.” Ex. 2.

40. CTD is the owner of the ’190 patent with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the ’190 patent against infringers, and to collect damages for all relevant times.

41. Defendants, directly or through their agents, customers, and/or intermediaries, have made used, tested, imported, provided, supplied, distributed, sold and/or offered for sale products and/or systems (including for example, NinjaTrader 6 or NinjaTrader 7) that have infringed one or more claims of the ’190 patent. Specifically, Defendants’ accused products and/or systems have certain features, such as Chart Trader, that allow a user to execute trades directly from a graph containing a curve corresponding to a range of values of a financial instrument.

42. Defendants have directly infringed, and are continuing to directly infringe, at least claims 1 and 9 of the ’190 patent.

**COUNT IV**

**INDIRECT INFRINGEMENT OF U.S. PATENT NO. 7,113,190**

43. Defendants have indirectly infringed the ’190 patent, both via contributory and induced infringement. The direct infringement underlying Defendants’ indirect infringement of the ’190 patent consists of their end-user customers’ use of NinjaTrader 6 or NinjaTrader 7.

44. Defendants have induced and are continuing to induce their end-user customers to use the accused systems, and specifically to use them in a manner that infringes the ’190 patent. Defendants have done so by (1) providing instructions to their customers explaining how to use the Chart Trader feature and how to execute trades directly from a chart; and (2) touting and advertising this feature to their customers.

45. Defendants have contributed to and are continuing to contribute to the infringement of the ’190 patent by end-user customers by making and selling NinjaTrader 6 or NinjaTrader 7, with the Chart Trader feature, which is especially made for use by end-user customers in a manner that infringes the ’190 patent and has no substantial non-infringing uses. In particular, the feature that permits end-user customers to place trades directly from a chart has no practical use other than uses that infringe the ’190 patent, and this feature constitutes a material part of the claimed invention of at least claims 1 and 9 of the ’190 patent and is not a staple article of commerce suitable for substantially non-infringing uses. The use of this feature by end-user customers of NinjaTrader 6 or NinjaTrader 7 for its intended purpose necessarily results in infringement of the ’190 patent.

46. Defendants have had knowledge of the ’190 patent and the fact that their customers’ use of the Chart Trader feature infringes the ’190 patent since at least as early as the filing of this lawsuit.

47. Defendants therefore have induced and contributed to acts of direct infringement, and are continuing to do so, with the specific intent and knowledge that others would infringe the ’190 patent.

**COUNT V**

**WILLFUL INFRINGEMENT**

48. At least as early as the filing of this lawsuit, Defendants’ infringement of the ’611 and ’190 patents is willful.

49. For the same reasons set forth above in paragraphs 38 and 47, Defendants have knowledge of the ’611 and ’190 patents and that their acts constitute infringement. Defendants are continuing to act in the face of an objectively high likelihood that their actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

**JURY DEMAND**

CTD hereby requests a trial by jury on all issues so triable by right.

**PRAYER FOR RELIEF**

CTD requests that the Court find in its favor and against Defendants and that the Court grant CTD the following relief:

a. Judgment that one or more claims of the ’611 and ’190 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or all others acting in concert therewith;

     b. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the ’611 and ’190 patents;

c. Judgment that Defendants account for and pay to CTD all damages and costs incurred by CTD because of Defendants’ infringing activities and other conduct complained of herein;

d. That CTD be granted pre-judgment and post-judgment interest on the damages caused by Defendants’ infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award CTD its reasonable attorney’s fees and costs in accordance with 35 U.S.C. § 285; and

f. That CTD be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: December 3, 2015

Respectfully submitted,

/s/ Eric H. Findlay
Eric H. Findlay, Lead Attorney
State Bar No. 00789886
Email: efindlay@findlaycraft.com
FINDLAY CRAFT, P.C.
102 North College Avenue, Suite 900
Tyler, TX 75702
Telephone: (903) 534-1100
Facsimile: (903) 534-1137

*Attorneys for Plaintiff*
*Chart Trading Development, LLC*

Of Counsel:

James R. Barney (*pro hac vice pending*)
Robert Shaffer (*pro hac vice pending*)
Lauren J. Dreyer (*pro hac vice pending*)

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400
james.barney@finnegan.com
robert.shaffer@finnegan.com
lauren.dreyer@finnegan.com